IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

MARSHALL P. GRAVES, # 71683                        PETITIONER

VERSUS                             CAUSE NO. 2:17CV141-KS-RPM

SUPERINTENDENT J. BANKS                       RESPONDENT

ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION
AND DISMISSING CASE WITH PREJUDICE, ETC.

This cause is before the Court on Petition [2] for writ of *habeas corpus* filed by Marshall P. Graves ("Petitioner") pursuant to 28 U.S.C. § 2254, Response [9] thereto filed by J. Banks, , Report and Recommendation [49] entered by Magistrate Judge Robert H. Walker, Objections [53] and [54] to Report and Recommendation filed by Graves, and Response in Opposition [55] to Objection filed by J. Banks, and the records and pleadings herein and the Court does hereby find that the Objections lack merit and that the Report and Recommendation of Magistrate Judge Robert H. Walker should be accepted by this Court and the Petition filed herein dismissed with prejudice.

I.  PROCEDURAL HISTORY

Marshall P. Graves filed a 28 U.S.C. § 2254 petition for writ of *habeas corpus* challenging his state court conviction and sentence. A jury in the Circuit Court of Lamar County, Mississippi, convicted Graves on two counts of fondling (Miss. Code Ann. § 97-5- 23(1)) and one count of sexual battery (Miss. Code Ann. § 97-5-95(1)(d)). Doc. [10-2] at 67, 127-30. The alleged victim, G.W., was 10 years old at the time of the incident. The

evidence at trial consisted primarily of the victim's testimony, as well as testimony from individuals with whom G.W. had spoken about her encounters with Graves. Graves also was charged and sentenced under Mississippi's habitual offender statute (Miss. Code Ann. § 99-19-81). Id. at 128. The trial court sentenced Graves to serve prison terms of 15 years on each count of fondling and life imprisonment for sexual battery, with the sentences to be served concurrently. Doc. [10-2] at 127-30. Graves filed a notice of appeal. Graves' appellate counsel (Daniel Hinchcliff) filed a brief in compliance with Lindsey v. State of Mississippi, 939 So.2d 743 (Miss. 2005), certifying to the Mississippi Supreme Court that the record presented no arguable issues for appeal. Doc. [10-7] at 2-12. Graves also filed a pro se appellate brief raising numerous issues he felt should be considered on appeal: (1) defective indictment; (2) ineffective assistance of counsel; (3) evidence of prior bad acts presented to the jury; (4) trial court allowed testimony of a surprise witness; (5) admission of Case 2:17-cv-00141-KS-RPM Document 49 Filed 05/14/20 Page 1 of 31 2 hearsay; (6) sufficiency of the evidence; (7) conflicting witness testimony; (8) jury verdict against the overwhelming weight of evidence; (9) prosecutorial misconduct; (10) trial court improperly denied motion to sever the indictment; (11) prosecution's reference to a jury instruction during closing argument; and (12) cumulative error. Doc. [10-7] at 60-112. The Mississippi Supreme Court found that Graves' appeal presented no arguable issues and therefore affirmed his conviction and sentence. Graves v. State of Mississippi, 216 So.3d 1152 (Miss. 2016). Graves then pursued several claims with the State court in an application for postconviction collateral relief and two subsequent amended applications: (1) trial counsel failed to provide

2

competent and loyal assistance when representing Graves; (2) trial counsel failed to object to prosecutorial misconduct; (3) trial counsel failed to inform Graves of a five-year plea bargain offered by the State; (4) the verdict was not supported by the weight and sufficiency of the evidence; (5) jury instruction number six was unconstitutional; (6) appellate counsel was ineffective; and (7) witness perjury violated Miss. Code Ann. § 97-9-59 and the Confrontation Clause. Doc. [9] at 5-23, 31-103. The Mississippi Supreme Court denied Graves' applications. *Id.* at 3-4. Graves next filed the instant § 2254 federal habeas petition and accompanying memorandum wherein he asserted the following claims: (1) trial counsel was ineffective because he (a) vouched for a prosecution witness, (b) failed to raise timely objections to prosecutor's expression of personal beliefs or opinions as to Graves' guilt, (c) failed to object to the prosecutor referring to Graves as a pedophile, child molester, pervert, and sexual predator, (d) failed to hire expert witnesses, (e) failed to obtain a medical examination of the victim, (f) elicited prejudicial testimony from the victim on cross-examination, (g) should not have introduced into evidence the child advocacy counselor's videotaped interview with the victim, Case 2:17-cv-00141-KS-RPM Document 49 Filed 05/14/20 Page 2 of 31 3 (h) failed to object to the tender years hearsay testimony, (i) failed to inform Graves of a plea offer of five years, and (j) failed to object to prosecutorial misconduct during closing argument; (2) the evidence was insufficient to sustain the conviction; (3) the trial court erred in allowing jury instruction number six; (4) ineffective assistance of appellate counsel; and (5) the cumulative effect of errors deprived Graves of a fair trial. Doc. [2] & [3]. Graves filed a motion for summary judgment, which the Court denied. Doc. [11] [21] [25] Judge Walker

concluded that Graves' motion for summary judgment was procedurally improper and unnecessary. In treating Graves' petition; however, the undersigned has considered the arguments raised in his "Demand for Summary Judgement" filed on February 22, 2018. See Doc. [21] at 3. By Order dated February 13, 2020, the Court directed Respondent to supplement the record. Doc. [34]. The Court instructed Respondent to provide the Court with a copy of the videotaped interview of G.W. conducted by Cheryl Caldwell. This interview was introduced at the trial as Exhibit 1 and played to the jury. The State court record originally filed with Respondent's answer did not include a copy of the interview. The Court further instructed Respondent to supplement the record regarding Graves' claims of ineffective assistance of counsel relating to an alleged five-year plea offer and relating to counsel's decision not to use the services of Dr. Julie Teater as an expert witness. Respondent supplemented the record as directed. Respondent also supplemented the response in opposition to Graves' petition based on the additional evidence of record. Doc. [44] [45]. Graves then filed a response to Respondent's supplementation. Doc. [46] [47]. The matter is now ripe for disposition.

## II.  STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such review means that this Court will

examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997). No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

III. PROCEDURAL BAR

Judge Walker's Report and Recommendation [49] addresses a claim of Procedural Bar claimed by the Respondent. The Court finds that Judge Walker's reasoning is correct regarding the Procedural Bar. Additionally, Graves does not challenge Judge Walker's finding of Procedural Bar [53-2]. Petitioner pursues these claims under a plain error claim. The Court will address the alleged prosecutorial misconduct under the plain error standard. The Court recognizes that the Petitioner is changing his strategy, but the Court will address it regardless.

The Objections that exist that will be addressed by the Court are as follows:

1. Plain error review for ineffectiveness of counsel

2. Failure to object to prosecutorial misconduct as ineffectiveness of counsel

3. Failure to call expert witness amounting to ineffective assistance of counsel

4 Failure to obtain medical expert amounting to ineffective assistance of counsel

5

     5. Victim's prejudicial testimony admitted without objection
    As ineffective assistance of counsel

     6. Child advocacy counselor video

     7. Admitting children's advocacy center video into evidence amounting to ineffective assistance of counsel

     8. Failure to object to testimony submitted under tender years hearsay exception rising to the level of ineffective assistance of counsel

     9. Failure to relay plea offer amounting to ineffective assistance of counsel

     10. Ineffective assistance of appellate counsel

     11. Cumulative error

The Court will address these in that order.

### **Claims of Ineffective Assistance of Counsel that rise to Plain Error**

Graves attempts to re-urge his free-standing claims of prosecutorial misconduct and challenging jury instruction number 6 being argued to the jury based on the plain error standard. As stated above the Mississippi Supreme Court found these claims to be procedurally barred. *Graves v. State,* So.3d 1152, 1161-62 (Miss. 2016). As Judge Walker found, these claims have no merit. A criminal trial, or for that matter any trial, in our system of justice is an adversarial proceeding. Questions can be asked and arguments presented during closing argument that are based on the evidence that is before the Court and reasonable inferences that can be taken from the evidence. The questions and arguments that are objected to by Graves are clearly within the evidence that was before the jury and the arguments were reasonable. Additionally, the trial strategy pursued by

counsel for Petitioner allowed these types of questions and presentations to be made. The Court finds that Judge Walker's Report and Recommendation is correct and that this objection is without merit.

### Failure to Object to Prosecutor's Misconduct in Making Certain Statements

Petitioner alleges prosecutorial misconduct and that his attorneys failed to object to certain statements made by the prosecutors. A decision not to object during closing argument is a matter of trial strategy on many occasions and also attorneys are cognizant of annoying the jury with unfounded objections. If the evidence and reasonable inferences therefrom are before the jury, then they are fair game for argument. The Court has gone through this extensive record and finds that there is no merit in this claim. The prosecutor's remarks were not so prejudicial as to render them fundamentally unfair. Indeed, the remarks were not improper. The Court finds that this objection pursued by the Petitioner is unfounded and the Court finds that it has no basis.

### Failure to Call Expert Witness

While funds were obtained by previous counsel to retain Dr. Julie Teater as an expert witness, none were called. Graves makes no claim as to what the witness would have said if she had been called or if the testimony would have been favorable to him. Petitioner fails to allege with specificity how the calling of Dr. Teater would have altered the outcome of the trial, which he failed to do. Accordingly, this Court finds that this objection is without merit and finds that it should be overruled.

### **Failure to Obtain Medical Examination**

Extensive argument was put forth regarding the calling of a medical doctor to perform a forensic examination of the victim and to testify. The period of time that lapsed, almost a year, would have greatly affected the value of any testimony. This Court finds that Judge Walker's reasoning on this particular issue is valid and that it was not ineffective assistance of counsel not to call a medical expert in this case.

### **Victim's Prejudicial Testimony on Cross-Examination**

Petitioner argues that trial counsel was ineffective because he elicited unfavorable testimony during the cross-examination of the victim. After reviewing the record on this point the Court finds that there is no basis for this objection and the Court overrules this objection.

### **Child Advocacy Counselor Video**

Graves argues that his counsel was ineffective by introducing into evidence the video tape of Ms. Caldwell, the child advocacy counselor. Defense counsel explicitly introduced the video tape into evidence for impeachment purposes, and the Court finds that this objection is without merit.

### **Tender Years Hearsay Exception Testimony**

Counsel was aware of the tender years hearsay exception but chose not to object. This objection to the Report and Recommendation of Judge Walker is without merit.

### **Failure to Relay Plea Offer**

While it is clear that defense counsel has a duty to communicate formal offers from the prosecution to accept a plea on certain terms and conditions, Judge Walker found that this objection was without merit. While Petitioner regretted after he was found guilty that he did not accept the plea offer, this does not create error or evidence of ineffective assistance of counsel. Petitioner's attorneys emphatically stated that Graves was informed of the plea offer and the recommended sentence and that Graves rejected the offer. Petitioner persisted in his claims of innocence and he established no reasonable probability that he would have accepted the plea bargain offer if he had known about it. Judge Walker's Report and Recommendation addresses this question, and the Court finds that the objection to the Report and Recommendation regarding this particular issue is without merit and is overruled.

### **Ineffective Assistance of Appellate Counsel**

Graves conclusory assertion of ineffective assistance of appellate counsel fails to state how appellate counsel was ineffective and how it rises to the level of a constitutional issue for Federal habeas review. The Mississippi Supreme Court rejected this claim and Graves fails to explain how the Mississippi Supreme Court's decision was contrary to, or involved an unreasonable application of clearly established Federal Law. Therefore, the Court finds that Graves conclusory assertion of ineffective assistance of appellate counsel is without merit and should be overruled.

### **Sufficiency of the Evidence**

Graves argues that the evidence presented at trial was insufficient to support a conviction. Establishing an insufficiency of the evidence claim is difficult to establish and was rejected by the lower court. This Court is required to accept all credibility choices and conflicting inferences in favor of the jury's verdict. The Court finds that this objection to the Report and Recommendation is without merit and is overruled.

### **Cumulative Error**

Graves argues that the cumulative effect of errors deprived him of a fair trial. In order to establish cumulative error, the Petitioner must establish the following:

1. The individual errors involve matters of constitutional dimensions rather than mere violations of State Law;
2. the errors were not procedurally defaulted for habeas purposes; and
3. the errors so infected the entire trial that the resulting conviction violates due process.

This objection by Petitioner is without merit as he has not established any of the requirements necessary for cumulative error.

### IV..  CONCLUSION

As required by 28 U.S.C. §636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objections. For the reasons set forth above, this Court concludes that Graves' Objections lack merit and should be **overruled**. The Court further concludes that the proposed Report and Recommendation is an accurate

statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judge's factual findings and legal conclusions contained in the Report and Recommendation.

Accordingly, it is ordered that United States Magistrate Judge Robert H. Walker's Report and Recommendation is accepted pursuant to 28 U.S.C. §636(b)(1) and that Marshall P. Graves' claim is DISMISSED WITH PREJUDICE. .

SO ORDERED this the ___30th____ day of September, 2020,


_____s/Keith Starrett_____
UNITED STATES DISTRICT JUDGE